UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Regina Stone,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EOS CCA; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Civil Action No.: 2:13-cv-00631<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

## COMPLAINT

For this Complaint, the Plaintiff, Regina Stone, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, Regina Stone ("Plaintiff"), is an adult individual residing in Hammond, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, EOS CCA ("EOS"), is a Massachusetts business entity with an address of 700 Longwater Drive, Norwell, Massachusetts 02061, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by EOS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. EOS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A person other than Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to EOS for collection, or EOS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. EOS Engages in Harassment and Abusive Tactics

12. Beginning in or around February 2013, Defendants placed calls to Plaintiff's residential telephone number in an attempt to collect the Debt.

13. During the initial conversation and each conversation thereafter, Plaintiff advised Defendants that she was not the individual for whom they were looking and that Defendants were calling the wrong number.

14. During the initial conversation and each conversation thereafter, Plaintiff demanded that she be taken off of the Defendants' call list and that the calls to her residential number cease.

15. Despite such knowledge, Defendants continued to place multiple calls to Plaintiff's residential telephone number at an excessive and harassing rate.

16. Additionally, the Defendants changed the number from which they were calling and transmitted false, misleading and inaccurate Caller ID information to Plaintiff, causing the name "Bestart & Mir" to appear in her Caller ID screen in violation of the Truth in Caller ID Act of 2009, 47 U.S.C. §227(e).

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

28. Louisiana further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Louisiana state law.

29. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

30. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial

burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Louisiana law requirements for an invasion of privacy.

31. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 5, 2013

Respectfully submitted,

By: ___/s/ Kenneth D. McLean_____
Kenneth D. McLean, Esq. (LSB No. 30190))
THE McLEAN LAW FIRM, LLC
P.O. Box 38161
Germantown, TN 38183-0161
Telephone: (901) 326-6888
Facsimile: (901) 531-8102
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424